Tayior, Chief-Justice.
 

 It is a well known rule of equity, that land directed to be sold and turned into money, shall be considered as money, unless there is some plain intention to the contrary, and whether the direction is given by will, or any other instrument, makes no difference.
 

 What description of persons is to be understood by the word
 
 heirs,
 
 as applied to personal property, has not been positively settled by any adjudication, though strong opinions have at times been expressed upon it. Thus in
 
 Holloway
 
 v.
 
 Holloway,
 
 it is said, that though the word
 
 heirs
 
 has a definite sense as applied to real estate, yet as to personal estate, it must mean such persons as the law points’.out to succeed to personal property. If personal property were given to a man and his heirs, it would go to his executors. And this is the only construction we can give to it in this will, which will therefore confine the bequest to such as are entitled under the statute of distribution.
 

 I'do not think there is any sufficient reason for excluding
 
 Benjamin Spruil
 
 from this distribution. By excluding those who had been mentioned in the will, the testator must have meant those for whom some provision had been made ; but none w'as made for
 
 Benjamin,
 
 who seems besides to have been an object of the testator’s
 
 *191
 
 confidence, since be had' appointed him executor, and trustee for his sister. In this respect only, the decree appealed from is incorrect.
 

 Per Curiam.
 

 — Let the decree below be affirmed, as to so much of it by which the mode of distribution is pointed out, and reversed as to the exclusion of
 
 Benjamin.
 
 Let the costs of the Court below be paid out of the fund, and the costs of this Court by the Plaintiffs.